# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30162

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2020

Lyle W. Cayce
Clerk

ERIC P. MCCLAIN,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CV-1643

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Eric P. McClain, Louisiana prisoner # 391003, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application challenging his conviction for possessing cocaine with intent to distribute. McClain does not challenge the district court's dismissal of several of his claims as procedurally barred, and he has therefore abandoned those claims. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Likewise, he does not challenge the dismissal on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the merits and has therefore abandoned his claims that his trial counsel rendered ineffective assistance by failing to investigate the facts of his case, file pretrial motions, visit McClain to discuss trial strategy, keep him informed of case developments, and provide him copies of documents produced in discovery. *See Hughes*, 191 F.3d at 613; *Yohey*, 985 F.2d 225.

In his filings in this court, McClain contends that the district court erred by denying on the merits his claims that (1) the trial court erred by denying his motion to suppress his first confession; (2) the trial court erred by denying his motion for a mistrial; (3) he had a conflict of interest with his trial counsel, who rendered ineffective assistance by failing to interview and call to testify Terrence McClain and Ricky Webster; (4) his trial counsel rendered ineffective assistance by failing to obtain the identity of the confidential informant who provided information supporting the search warrant at issue; and (5) trial counsel's cumulative errors constituted ineffective assistance.

To obtain a COA with respect to the denial of a § 2254 application, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). If a district court has rejected a claim on its merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. McClain fails to make the necessary showing. To the extent that he appeals the denial of an evidentiary hearing, no COA is required, and we affirm. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).

Accordingly, McClain's motion for a COA is DENIED, and the district court's denial of an evidentiary hearing is AFFIRMED.